# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DEXTER JEROME CAMPBELL**                                       **PETITIONER**

**v.**                                                   **No. 1:14CV138-SA-DAS**

**WARDEN JERRY BUSCHER**                                   **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion [24] by the State to dismiss the instant petition for a writ of *habeas corpus* for failure to exhaust state court remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state court remedies.

### Facts and Procedural Posture

The petitioner is presently in the custody of the Mississippi Department of Corrections and seeks *habeas corpus* relief under 28 U.S.C. § 2254. The petitioner was convicted in the Circuit Court of Oktibbeha County, Mississippi, for possession of cocaine with the intent to distribute (Count I) and possession of marijuana with the intent to distribute (Count II). He was sentenced to serve 60 years without the possibility of parole in the custody of the Mississippi Department of Corrections for Count I, and 6 years of incarceration without the possibility of parole for Count II. The Mississippi Court of Appeals affirmed Campbell's convictions and sentences. *Campbell v. State of Mississippi*, 118 So.3d 598 (Miss. Ct. App. 2012), *reh'g denied* March 12, 2013, *cert. denied* July 18, 2013 (Cause No. 2011-KA-00694-COA).

The petitioner seeks a writ of *habeas corpus* on the following grounds:

**Ground One:** Petitioner was incompetent to stand trial.

**Ground Two:** Ineffective assistance of counsel.

**Ground Three:** Denial of Due Process.

### Exhaustion of State Court Remedies

The State has moved to dismiss the petition because the Campbell has only exhausted a part of his due process claim in Ground Three in state court, leaving his claims in Ground One, Ground Two, and most of Ground Three unexhausted. The petitioner has responded to the motion, acknowledging that he has not exhausted most of his claims, but requesting that the court stay the instant case and hold it in abeyance to permit him to do so. "A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Campbell's petition is a mixture of both exhausted and unexhausted claims, which the court may not consider together:

> [A] district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the *habeas* petition to present only exhausted claims to the district court.

*Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198 (1982). To prevent a petitioner from having to refile his petition – and to ensure he does not become ensnared by the limitations period of 28 U.S.C. § 2244(d) – the court normally permits him to voluntarily dismiss the unexhausted claims and proceed on the exhausted ones. In Campbell's response to the State's motion, however, he states that he "does *not* wish to amend any part [of his petition], but desire[s] his Motion for Abeyance to be granted in whole and *not* in part . . . ." In addition, he states that "[t]he entire petition should be, as a whole, dismissed with prejudice or Motion for Abeyance . . . granted in its entirety!" In other words, Campbell has made abundantly clear that he does not wish to amend his petition to exclude the unexhausted claims (the path the court usually offers when faced with a mixed petition). Instead, Campbell would like the court to consider all the claims at once, and the court will do so. Under the Supreme Court's holding in *Rose v. Lundy, supra,* the instant mixed petition for a writ of *habeas corpus* will be dismissed for failure to exhaust state remedies.

### Campbell's Request to Stay the Petition and Hold It in Abeyance

A district court may hold a petition for a writ of *habeas corpus* in abeyance while a petitioner exhausts his claims in state court, *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), however, a "stay and abeyance should be available only in limited circumstances." *Id*. at 1533-1535. Campbell has not pointed to any such circumstances in this case. Neither Campbell nor his appellate attorney presented the unexhausted claims to the Mississippi Supreme Court. To the contrary, rather than seeking state post-conviction collateral review, Campbell chose to repeatedly file motions requesting the production of records to prepare his state post-conviction motion. Indeed, even after the Mississippi Supreme Court made clear that no additional records would be provided, Campbell

proceeded with a federal petition for a writ of *habeas corpus*, rather than file a state post-conviction motion based on the records available to him. It appears that, to this date, Campbell still has not sought state post-conviction collateral relief.

It also appears that, while Mr. Campbell was repeatedly filing motions to obtain records, the deadline for him to seek federal *habeas corpus* relief expired. Under 28 U.S.C. § 2244(d)(1)(A), Campbell had one year from the time his conviction became final to seek federal *habeas corpus* relief. In the present case, his conviction became final on July 18, 2013, the date the Mississippi Supreme Court denied his petition for writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(a)(conviction becomes final for *habeas corpus* purposes when direct review is complete). Thus, his deadline for seeking *habeas corpus* relief expired one year later, on July 18, 2014. Hence, as to the claims Campbell has not yet exhausted, it appears too late for him to do so now.[1] For these reasons, the court holds that Campbell's request to stay the instant petition and hold it in abeyance will be denied.

### Consequences of Choosing Not to Amend Petition

The court would like to point out to Mr. Campbell that his decision not to amend his petition to exclude the unexhausted grounds has serious consequences. If the court's calculation of the federal deadline to seek *habeas corpus* relief is correct, that deadline expired on July 18, 2014 – which means that, in all likelihood, any future *habeas corpus* petition would be untimely filed. Thus, Campbell's refusal to amend his present petition for a writ of *habeas corpus* will probably result in his inability to seek *habeas corpus* relief regarding these convictions on any ground at all, whether he has exhausted that ground or not.

---

[1] The court has not made a decision regarding the issue of the petition's timeliness, as that issue is not before the court in the instant motion – and can involve complex decisions regarding equitable tolling, actual innocence, and other matters. The court mentions timeliness only to note the likely futility of staying the case so that Mr. Campbell may attempt to exhaust state court remedies.

## Conclusion

For the reasons set forth above, the petitioner's request to stay the instant case and hold it in abeyance so that he may exhaust state remedies as to several claims will be denied. In addition, the instant mixed petition for a writ of *habeas corpus* will be dismissed for failure to exhaust state remedies.

**SO ORDERED**, this, the 29th day of May, 2015.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**